## Oscar BACA

### v.

### The UNITED STATES.

### No. 357–75.

United States Court of Claims.

May 17, 1978.

Towner Leeper, El Paso, Tex., attorney of record, for plaintiff.

James S. Maxwell, Washington, D. C., with whom was Asst. Atty. Gen. M. Carr Ferguson, Washington, D. C., for defendant. Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before DAVIS, NICHOLS and KASHIWA, Judges.

## OPINION

### PER CURIAM.

This case comes before the court on defendant's motion, filed February 10, 1978, requesting that the court adopt, as the basis for its judgment in this case, the recommended decision of Senior Trial Judge Mastin G. White, filed November 23, 1977, pursuant to Rule 134(h), plaintiff having failed to file a notice of intention to except or exceptions thereto and the time for so filing pursuant to the Rules of the court having expired. Upon consideration thereof, without oral argument, since the court agrees with the trial judge's recommended decision, as hereinafter set forth,* it hereby grants defendant's motion and affirms and adopts the decision as the basis for its judgment in this case. It is, therefore, concluded that plaintiff is not entitled to recover and the petition is dismissed.

### OPINION OF TRIAL JUDGE

WHITE, Senior Trial Judge:

This is an action to recover the amount of the federal excise tax on diesel fuel that was assessed against and collected from the plaintiff under section 4041(a) of the Inter-

---

* Whereas the court adopts the trial judge's separate findings of fact, which are set forth in his report filed November 23, 1977, they are not printed herein since such facts as are necessary to the decision are contained in his opinion.

nal Revenue Code of 1954 (26 U.S.C. § 4041(a) (1970)) for the third quarter of 1969, and to recover the amount of the federal highway use tax that was assessed and collected under section 4481(a) of the 1954 Code (26 U.S.C. § 4481(a) (1970)) for the taxable period which ended June 30, 1971.

The plaintiff is a Mexican national and a resident of Juarez, Mexico. During the periods in issue, he was in the business of hauling, for other persons and for hire, cattle in trucks from stockyards in Juarez to stockyards in El Paso County, Texas, over highways and other public roads. The cattle hauled by the plaintiff were steer calves, which were later fattened, slaughtered, and marketed in the United States.

The plaintiff did not own the cattle which he transported, or the stockyards in Juarez from which he transported the cattle, or the stockyards in El Paso County to which he delivered the cattle.

### The Excise Tax on Diesel Fuel

■ In the conduct of his business of hauling cattle, the plaintiff owned and operated 10 diesel-powered trucks. The diesel fuel consumed by the plaintiff's trucks in making the cattle hauls was purchased in Mexico, except that additional purchases of diesel fuel were sometimes made in the United States, when it was necessary to do so on long trips. The cost of the diesel fuel, including any tax imposed on the plaintiff with respect to such fuel, was passed on by the plaintiff in his charges to the various purchasers of the cattle hauled by the plaintiff.

Subsection (a) of section 4041 of the 1954 Code imposes a tax of 4 cents a gallon upon any liquid—

(1) sold by any person to an owner, lessee, or other operator of a diesel-powered highway vehicle, for use as a fuel in such vehicle; or

(2) used by any person as a fuel in a diesel-powered highway vehicle unless there was a taxable sale of such liquid under paragraph (1).

The federal excise tax on diesel fuel was assessed against and collected from the plaintiff for the third quarter of 1969 under paragraph (2) of subsection (a) of section 4041.

The plaintiff contends, however, that as his trucks were used to haul cattle, that as the cost of the diesel fuel (including the tax assessed against the plaintiff) was passed on in his charges to the purchasers of the cattle, and that as the cattle were subsequently subjected to a feeding and fattening procedure prior to being slaughtered and marketed, the tax on diesel fuel which the plaintiff was required to pay has, in effect, been levied against ranchers, in violation of the tax exemption granted to ranchers by subsection (f) of section 4041.

Subsection (f) of section 4041 is entitled "Exemption for farm use," and provides in part that "no tax shall be imposed under this section on any liquid sold for use or used *on a farm* for farming purposes" (emphasis supplied).

Subsection (f) further states that the meaning of the phrase "on a farm for farming purposes" shall be determined in accordance with paragraphs (1), (2), and (3) of subsection (c) of section 6420 of the 1954 Code (26 U.S.C. § 6420(c) (1970)). These paragraphs provide in part as follows:

(1) Use on a farm for farming purposes.

Gasoline shall be treated as used on a farm for farming purposes only if used (A) in carrying on a trade or business, (B) *on a farm* situated in the United States, and (C) for farming purposes.

(2) Farm.

The term "farm" includes stock, dairy, poultry, fruit, fur-bearing animal, and truck farms, plantations, ranches, nurseries, ranges, greenhouses or other similar structures used primarily for the raising of agricultural or horticultural commodities, and orchards.

(3) Farming purposes.

Gasoline shall be treated as used for farming purposes only if used—

(A) by the owner, tenant, or operator of a farm, in connection with cultivating the soil, or in connection with raising or

harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and fur-bearing animals and wildlife, *on a farm* of which he is the owner, tenant, or operator; except that if such use is by any person other than the owner, tenant, or operator of such farm, then * * * any tax paid under section 4041 in respect of a liquid *used on a farm* for farming purposes * * * shall be treated as having been paid by the owner, tenant, or operator of *the farm on which such liquid is used* * * *. [Emphasis supplied.]

Both the language of subsection (f) itself and the related definitions quoted in the preceding paragraph of this opinion make it very plain that the exemption from tax granted by subsection (f) relates only to diesel fuel used *on a farm* (which would include a ranch) for farming purposes. None of the plaintiff's diesel fuel involved in the present case was used on a farm or ranch. It was all consumed by the plaintiff's diesel-powered trucks as they traveled over highways and other public roads in hauling cattle between stockyards in Juarez, Mexico, and stockyards in El Paso County, Texas.

The conclusion is inescapable, therefore, that the plaintiff was not entitled to the exemption from the excise tax on diesel fuel granted by subsection (f) of section 4041 of the 1954 Code with respect to diesel fuel "used on a farm for farming purposes."

*The Highway Use Tax*

During the taxable period that is involved in the present case, subsection (a) of section 4481 of the 1954 Code imposed a tax "on the use of any highway motor vehicle which * * * has a taxable gross weight of more than 26,000 pounds, at the rate of $3.00 a year for each 1,000 pounds of taxable gross weight or fraction thereof."

The federal highway use tax was assessed against and collected from the plaintiff for the taxable period that ended June 30, 1971.

Subsection (b) of section 4481 provided that such tax "shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State in which such vehicle is, or is required to be, registered * * *." The plaintiff contends that the assessment of the highway use tax against him was improper because his trucks, although used to transport cattle over highways and other public roads of the State of Texas, were not required (according to the plaintiff's view) to be registered under the law of the State of Texas.

As stated in the preceding part of this opinion, the plaintiff owned and operated 10 diesel-powered trucks in hauling cattle between stockyards in Juarez, Mexico, and stockyards in El Paso County, Texas. The gross weight of each of these vehicles was 72,000 pounds.

As a matter of practice, the plaintiff used annual Texas registrations on from 4 to 6 of the trucks that were used regularly to haul cattle into Texas. As additional trucks were needed from time to time for hauling cattle into Texas, the plaintiff (during the period involved here) used 24-hour Texas permits for such trucks.

The plaintiff understood that he could use 24-hour Texas permits for all of his trucks, but he chose to use annual registrations on some of the trucks because the annual registrations were cheaper than the 24-hour permits for the trucks that were used regularly in hauling cattle into Texas.

During the period involved in the present litigation, paragraph (a) of Article 6675a-2, Vernon's Annotated Texas Statutes, provided in part as follows:

(a) Every owner of a motor vehicle, trailer or semitrailer used or to be used upon the public highways of this State shall apply each year * * * through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof * *.

Article 6675a-6, Vernon's Annotated Texas Statutes, fixed the annual license fees to be paid for the registration of commercial motor vehicles or truck-tractors, such fees being graduated according to the gross weights of the vehicles.

Article 6675a-6c, Vernon's Annotated Texas Statutes, dealt with the subject of "Temporary registration permits for foreign commercial vehicles"; and section 1 of this article provided in part as follows:

Section 1. To provide for the movement of commercial motor vehicles, trailers, and semitrailers *subject to registration* by the State of Texas, which are not authorized to travel on the public roads of the State for lack of registration * *, the Texas Highway Department is authorized to issue temporary permits *which shall be recognized as legal registration.* * * * [Emphasis supplied.]

Section 2 of Article 6675a-6c prescribed a fee of $2 for a 24-hour temporary permit.

Under Texas law, therefore, every commercial motor vehicle using the highways or other public roads of the State was required to be registered, although the registration in the case of foreign commercial vehicles could take the form of temporary permits.

The provisions of the Texas statutes previously referred to, and the pertinent facts previously summarized, show clearly that the plaintiff's trucks were not only required to be, but they actually were registered under Texas law. The plaintiff obtained annual Texas registrations under Article 6675a-2(a) for the vehicles that were used regularly to haul cattle into Texas, and he obtained 24-hour permits under Article 6675a-6c for the other trucks on the occasions when they were to haul cattle into Texas. The 24-hour permits were "Temporary registration permits for foreign commercial vehicles," and they were recognized by Texas law as "legal registration," no less than the annual registrations.

As the plaintiff's trucks were required to be, and actually were, registered under the law of Texas, and as they had a taxable gross weight of 72,000 pounds each, they were necessarily subject to the highway use tax imposed by subsection (a) of section 4481 of the 1954 Code on the use of highway motor vehicles having a gross weight of more than 26,000 pounds and registered or required to be registered, under the law of a State. Accordingly, the Internal Revenue Service did not err in assessing such tax against the plaintiff.

### Conclusion

For the reasons stated in the preceding parts of this opinion, the plaintiff is not entitled to recover on the claims asserted in the present litigation, and the petition should be dismissed.

### CONCLUSION OF LAW

Upon the trial judge's findings and foregoing opinion, which are adopted by the court, the court concludes as a matter of law that the plaintiff is not entitled to recover, and the petition is therefore dismissed.